IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**NICHOLAS E. ARING,**

        **Plaintiff,**

    **v.**                                          CASE NO. 10-3259-SAC

**ROBERT HINSHAW,**

        **Defendant.**


### O R D E R

Plaintiff initiated this pro se civil action in the Sedgwick County District Court, seeking a restraining order and damages regarding the alleged interference with his constitutional right to practice his religious beliefs by receiving Kosher meals. See *Aring v. Hinshaw*, Sedgwick County Case No. 10-CV-4428 (filed November 5, 2010). Defendant Hinshaw removed the action to this court on December 23, 2010. Before the court is defendant's motion to dismiss, filed December 28, 2010, to which plaintiff has filed no response.

Court records disclose a civil action plaintiff filed in the District of Kansas on November 19, 2010,[1] naming Sedgwick County Sheriff Hinshaw as the sole defendant, and containing the same First Amendment allegations regarding plaintiff's Kosher meals.

Accordingly, absent a timely objection by either party, the

---

[1] See *Aring v. Hinshaw*, Case No. 10-3220-SAC. By an order entered this same date, the court granted plaintiff leave to proceed in forma pauperis, and denied without prejudice plaintiff's motion for appointment of counsel.

court finds the two cases should be consolidated. The court also notifies plaintiff that defendant's pending motion to dismiss will be considered and decided as an uncontested motion in the consolidated action if plaintiff files no response within the time set by the court.[2]

IT IS THEREFORE ORDERED that this action will be consolidated by the court with Case No. 10-3220-SAC, if no party objects within ten (10) days.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to file a response to defendant's motion to dismiss.

**IT IS SO ORDERED.**

DATED: This 15th day of February 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]Defendant seeks dismissal of the instant complaint as stating no plausible claim upon which relief can be granted under 42 U.S.C. § 1983. Plaintiff's previously filed complaint would be subject to summary dismissal for the same reason. 28 U.S.C. § 1983 (e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).